UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.                                                    1:16-CR-300 (LEK)

JAMAL CLINTON,

                            Defendant.

_____

**MEMORANDUM-DECISION AND ORDER**

**I.      INTRODUCTION**

On January 13, 2026, Defendant Jamal Clinton, who is currently serving a 210-month

sentence at FCI Miami, filed a motion for compassionate release. Dkt. No. 915 ("Motion"). On

January 22, 2026, the Government filed a response in opposition. Dkt. No. 917 ("Response").

For the reasons that follow, the Motion is denied.

**II.     BACKGROUND**

On January 27, 2021, Defendant filed a motion for compassionate release. Dkt. No. 658

("First Motion"). On March 1, 2021, the Court denied that Motion. Dkt. No. 667 ("2021

Decision"). The Court assumes familiar with the factual background in this case, as discussed in

the 2021 Decision. *Id.* at 1.

**III.    DISCUSSION**

"A court may modify a term of imprisonment on compassionate release . . . 'upon motion

of the defendant.'" *United States v. Jones*, No. 99-CR-264-1, 2022 WL 3703954, at *2 (D. Conn.

Aug. 26, 2022) (quoting 18 U.S.C. § 3582(c)(1)(A)). To do so, three requirements must be met.

First, "an inmate must exhaust administrative remedies by requesting such relief from prison

authorities." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021). Second, the Court must

consider the factors listed in section 3553(a). *Id.* These factors include, in relevant part,

(1) the nature of the circumstances of the offense and the history and characteristics of
the defendant;
(2) the need for the sentences imposed–
(A) to reflect the seriousness of the offense, to promote respect for the law, and to
provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; . . .
(3) the kinds of sentences available

18 U.S.C. §3553(a). Finally, "the inmate must demonstrate that his proffered

circumstances are indeed 'extraordinary and compelling' such that, in light of these § 3553(a)

factors, a sentence reduction is justified under § 3582(c)(1)(A) and would not simply constitute

second-guessing of the sentence previously imposed." *Keitt*, 21 F. 4th, at 71. Notably,

Courts may "consider the full slate of extraordinary and compelling reasons that an

imprisoned person might bring before them in motions for compassionate release*." United States

v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). However, "[r]ehabilitation of the defendant *alone*

shall not be considered an extraordinary and compelling reason." 28 U.S.C. §994(t) (emphasis

added). The "defendant . . . bears the burden of establishing that he is eligible for compassionate

release." *Mayes v. United States*, No. 12-CR-385-2 (ARR), 2023 WL 22632, at *2 (E.D.N.Y.

Jan. 3, 2023), *aff'd*, No. 23-6077-CR, 2024 WL 2990909 (2d Cir. June 14, 2024). Even when all

the requirements are met, the district court retains "broad discretion" to deny or grant a motion

for compassionate release. *Id.*

The United States Sentencing Commission has promulgated non-binding guidelines on

what may constitute "extraordinary and compelling reasons." United States Sentencing

Commission, *Guidelines Manual* ("U.S.S.G."), §1B1.13; *United States v. Martinez*, No.

03CR1049NGGS2, 2022 WL 3019833, at *3 (E.D.N.Y. July 29, 2022) (noting the guidelines are non-binding).

As "Mr. Clinton submitted a written request for compassionate release to the Warden at FCI Miami," and the warden did not respond within thirty days, Mr. Clinton has satisfied the administrative exhaustion requirement. Mot. at 4; *Brooker*, 976 F.3d at 233; 18 U.S.C. § 3582(c)(1)(A).

Defendant argues that three aspects of his case constitute "extraordinary and compelling" reasons for his release. *See* Mot. at 9–20.  First, he argues that subsequent precedent has rendered his sentencing erroneous. *Id.* at *9*–11. Second, that there were significant disparities in the sentencing between Defendant Clinton and his co-Defendants. *Id.* at 11–13. Third, that "Mr. Clinton's sentence is grossly disproportionate when compared to national sentencing data for similar offenses." *Id.* at 13–14. Fourth, that Defendant has been rehabilitated. *Id.* at 14–20.

**A. Subsequent Precedent**

Defendant argues that under two Second Circuit decisions subsequent to his decision, his prior convictions would not "qualify as controlled substance offenses for career offender purposes." Mot. at 9; *see United States v. Gibson*, 55 F.4th 693 (2d Cir. 2022); *United States v. Minter*, 80 F.4th 406 (2d Cir. 2023). Without the career offender designation, Defendant's "correct guideline range would have been 63 to 78 months." Mot. at 11; *see also* Resp. at 2 n. 1 (acknowledging that Defendant's calculation is correct).

Under the Sentencing Guidelines, "[i]f a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law . . . may be considered in determining whether the defendant presents an extraordinary and compelling reason." U.S.S.G. §1B1.13(b)(6). This is the only circumstance when a change in the law can be

3

considered an extraordinary and compelling circumstance. *See* U.S.S.G. §1B1.13(c). Defendant was sentenced on May 2, 2018. Dkt. No. 425. As Defendant has not yet served ten years of his sentence, this Court is unable to consider whether a change in the law constitutes an extraordinary and compelling reason to grant a sentence reduction. *See United States v. Broadnax*, No. 15 CR. 878 (VM), 2023 WL 6533489, at *2 (S.D.N.Y. Oct. 6, 2023) ("[A]s [the defendant] . . . has not yet served at least 10 years of his term of imprisonment . . . he has not satisfied the threshold requirements necessary for the Court to consider whether a change in law presents an extraordinary and compelling reason to consider whether a sentence reduction is warranted.").

### B. Co-Defendant Disparities

Defendant argues that he was sentenced to a longer sentence than his co-defendants, who were more culpable, and that this constitutes an "extraordinary and compelling" reason to grant his Motion. Mot. at 11–13. Defendant primarily compares his situation to three co-defendants: Recardo Langston, Daniel Williams, and Romell Hearns. Langston "was the primary supplier of cocaine to the conspiracy and a documented gang member (Bloods) who played a leadership role." *Id.* at 11. Langston received a sentence of 78 months. *Id.* Williams "had a more extensive criminal history than Mr. Clinton and was involved in violent conduct," but received a sentence of 37 months. *Id.* Hearns "played a leadership role in the conspiracy and initially received 100 months," but was granted compassionate release after 36 months, on the basis of his risk of severe illness from COVID-19. *Id.* at 12; Dkt. No. 640 ("Hearns Decision").

When a disparity between co-defendants is caused by one defendant's decision not to plead guilty, that disparity is not "extraordinary or compelling." *See United States v. Fernandez*, 104 F.4th 420, 429 (2d Cir. 2024), *cert. granted in part*, 145 S. Ct. 2731, (2025) (cleaned up).

4

Indeed, "[t]here is nothing extraordinary and compelling about different sentences being imposed on differently situated defendants." *United States v. Seabrook*, No. 23-6279-CR, 2025 WL 3484616, at *3 (2d Cir. Dec. 4, 2025) (summary order). However, a district court may consider disparities between co-defendants that arise for other reasons. *See e.g., United States v. Nunley*, 792 F. Supp. 3d 327, 339 (D. Conn. 2025) (noting that co-defendants had received reductions in their sentences). "[C]ourts have occasionally reduced sentences under § 3582(c) when the disparity between the sentences of co-defendants in a particular case appears grossly unjustified." *United States v. Diaz*, 779 F. Supp. 3d 226, 242 (N.D.N.Y. 2024). In so doing, "the mere fact" that a longer sentence was given to a particular defendant is not sufficient to justify relief; that disparity must be shown to be unjustified. *See id.*

Here, Defendant Clinton's criminal history designates him as a "career offender," unlike the comparator Defendants. *Compare* Dkt. No. 413 ¶35 ("Clinton PSIR") (designating Mr. Clinton, based on his previous convictions, as a "career offender"), *with* Dkt. No. 592 ¶44 ("Hearn PSIR"), *and* Dkt. No. 323 ¶29("Williams PSIR"), *and* Dkt. No. 686 ¶167("Langston PSIR"). As a "career offender," Mr. Clinton's offense level was 31, after accounting for the acceptance of responsibility. *See* Clinton PSIR ¶¶35–38. By contrast, Defendants Hearn and Langston had an offense level of 27, Hearn PSIR ¶47; Langston PSIR ¶170 and Defendant Williams had an offense level of 12. Williams PSIR ¶31. The "career offender" designation accounts for why Defendant Clinton had a greater offense level than Defendants Hearn and Langston, even though the Defendant Clinton had a higher base offense. *See* Clinton PSIR ¶¶ 29–38; Hearn PSIR ¶¶38–47; Langston PSIR ¶¶161–70. Defendant Williams' lower base offense is explained by the lower quantity of cocaine he was accountable for. *See* Williams PSIR ¶23.

Even if Defendant Clinton might arguably be deserving of a lower sentence than some of his co-Defendants, *see* Mot. at 11–13, the career offender designation as outlined in the United States Sentencing Guidelines requires him to receive a higher sentence, *see* U.S.S.G. §4B1.1; Clinton PSIR ¶¶35–38. This Court will not second-guess this disparity, which does not appear "grossly unjustified." *Diaz*, 779 F. Supp. 3d at 242. Rather, the disparity is a plausible response to a history of criminal activity. S*ee* Clinton PSIR ¶¶ 48–55.

### C. National Disparities

Defendant argues that his "sentence is grossly disproportionate when compared to national sentencing data for similar offenses." Mot. at 13. As Defendant acknowledges, this disparity is accounted for by the application of the career offender designation. *Id.* at 14; *see also* U.S.S.G. §4B1.1. Defendant has accordingly not argued that the disparity is 'grossly unjustified' and the Court is accordingly not persuaded that it represents an extraordinary and compelling circumstance justifying release on compassionate release grounds. *See Diaz*, 779 F. Supp. 3d at 242.

### D. Rehabilitation

Defendant Clinton finally argues that the Court should grant his Motion because of his significant rehabilitation in prison. *See* Mot. at 14–20. Defendant draws the Court's attention to his attainment of a GED and an Associate of Applied Science Degree, his six-and-a-half years of service as a peer mental health companion, a clean disciplinary record, and attainment of a low recidivism score. *See id.* at 14–18. Mr. Clinton deserves commendation for these accomplishments. However, exceptional rehabilitation cannot, on its own constitute "exceptional and compelling" circumstances. 28 U.S.C. §994(t). As Defendant Clinton has not demonstrated

any other circumstance that can be considered "exceptional and compelling," Defendant's rehabilitation is also not "exceptional and compelling" for purposes of his Motion.

As Defendant has not identified an extraordinary and compelling circumstance, the Court need not evaluate the section 3555(a) factors. *See United States v. Edwards*, No. 17-CR-402 (JGK), 2020 WL 4194819, at *2 (S.D.N.Y. July 20, 2020)

## IV.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendant's motion for compassionate release, Dkt. No. 915, **is DENIED**  and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**


DATED:      May 15, 2026
            Albany, New York

LAWRENCE E. KAHN
United States District Judge